UNITED STATES OF DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JACQUELINE DUNSON** | **JURY TRIAL DEMAND** |
| Plaintiff | |
| | Case No. |
| V. | Case: 2:23−cv−13249<br>Assigned To : Borman, Paul D.<br>Referral Judge: Grand, David R. |
| **NCB MANAGEMENT SERVICES, INC** | Assign. Date : 12/21/2023<br>Description: CMP JACQUELINE DUNSON V<br>NCB MANAGEMENT SERVICES INC (SS) |
| Defendant | |

_____

**COMPLAINT AND DEMAND FOR JURY**
_____

**INTRODUCTION**

1. This is an action for actual, punitive, and statutory damages brought by Plaintiff Jacqueline Dunson an individual consumer (hereinafter "Plaintiff"), against Defendant, NCB Credit Management LLC for violations of the Fair Credit Reporting Act 15 U.S.C § 1681 et seq. (hereinafter "FCRA") as defendant willfully failed to conduct a reasonable Investigation. Plaintiff is also bringing violations under the Fair Debt Collection Practice Act 15 U.S.C § 1692. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices.

**JURISDICTION AND VENUE**

2. The court has jurisdiction under 15 U.S.C § 1681p, 15 U.S.C § 1692k and 28 U.S.C§

1331. The venue in this District is proper as the Defendant transacts business in Michigan and Plaintiff lives in Michigan Eastern District.

## PARTIES

3. Plaintiff is a natural person residing in the Eastern District of Michigan. Plaintiff is a consumer "Individual" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c). Plaintiff is a natural person and consumer, pursuant to the Fair Debt Collection Practice Act FDCPA 15 U.S.C § 1692 a (3).

4. Defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

5. Defendant is engaged directly or indirectly in the collection of "debts," as defined by the FDCPA, 15 U.S.C § 1692a (5).

6. Defendant attempts to collect consumers debts alleged to be due to another by mail, telephone and courts. Defendant is a "debt collector" as defined by the FDCPA, 15 § U.S.C 1692a (6).

7. Upon information and belief, Defendant principal place of business is 1 Allied Drive, Trevose, PA 19053 .

## FACTS OF THE COMPLAINT

8. Plaintiff had a personal loan with Elastic/Republic Bank Trust CO that she defaulted on due to job loss. The debt arose from a transaction in which the money was the subject of the transaction and was primarily for personal, family and household purposes.

9. On or around August 2023, Plaintiff sent a refusal to pay notice disputing the fact that she owes defendant though the CFPB.

10. On or around September 1, 2023, Defendant responded and, in the response, the

employee/agent stated "We have updated our reporting to the CRAs to reflect the status of your dispute. **(See Exhibit A)**

11. Upon Plaintiff consistently checking her consumer report (September –November) she noticed Defendant failed to mark the account as disputed despite there several communications to the credit reporting agencies violating 15 U.S.C § 1692e (8).

**(See Exhibit B)**

12. The FDCPA  15 U.S.C § 1692e (8) requires that debt collectors must communicate that a disputed debt is being disputed, as it is rooted in the basic common law principle of fraud and defamation, that if a debt collector volunteer to communicate consumers information to credit reporting agencies they must not omit a material piece of information, namely that the debt is disputed.

13.  Defendant employee willfully failed to mark the account as disputed despite the employee stating, they have updated it with the credit reporting agencies.

14. Debt collectors publishing of such inaccurate and incomplete information has Severely damaged the personal and credit reputation of Plaintiff and caused her frustration and emotional distress as well as damage to her Fico score.

15. On or around October 17, 2023, Plaintiff reviewed her credit report and noticed Defendant had duplicate accounts furnished. (**See Exhibit C**)

16. On or around November 2023, Plaintiff disputed the duplicate accounts through Experian Credit Reporting Agency. (Upon disputing the duplicate accounts, the account was still not marked as disputed.) (**See Exhibit C**)

17. Upon information and belief Experian submitted the disputed information to Defendant.

18. On or around December 2023, Plaintiff received dispute results from Experian stating the information has been updated, however the duplicate accounts were verified, By Defendant and not removed which willfully violated 15 U.S.C § 1681s-2 (b) by verifying inaccurate and false information.

Defendant failed to conduct a reasonable investigation as required by the FCRA.

19. Defendant did not only verify inaccurate information, they also updated the account To reflect that the collection account has been open for 24 months showing 24 "C'", on Both accounts, (the first tradeline and duplicate) however, Defendant has not owned the account for 24 months they received the account in April. Defendant is not only reporting duplicate accounts but also reporting a "balance" of $4,140 due on both accounts. **(See Exhibit D)**

20. Defendant has failed to conduct a reasonable investigation as required by the FCRA.

## COUNT ONE

## FDCPA Violations of 15 U.S.C. §§ 1692e (8)

21. Plaintiff re-alleges and reincorporate all previous paragraphs as if fully set out herein.

22. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure To communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e (8).

23. The FDCPA enumerates a non-exclusive list of deceptive practices, including, Inter alia, "the failure to communicate that a disputed debt is disputed" See 15 U.S.C. § 1692e (8).

24. Defendant received notice of Plaintiff dispute through the CFPB, Nevertheless, Defendant willfully and negligently failed to communicate to Experian that the account was disputed.

25. Furthermore, this account information was furnished to other entities for the purpose of considering Plaintiff for credit which constituted a further communication of the debt that did not include the fact that the debt was disputed.

26. Defendant's reckless misconduct has deprived her of her Federally protected rights.

27. Defendant's violations of 15 U.S.C § 1692e (8) of the FDCPA render it liable for actual and statutory damages.

## COUNT TWO
## FDCPA Violation Of 15 U.S.C § 1692f

28. Plaintiff re-alleges and reincorporate all previous paragraphs as if fully set out herein.

29. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

30. Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of 15 U.S.C. § 1692f of the FDCPA.

31. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages see, 15 U.S.C. § 1692k.

## COUNT THREE
## Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

32. Plaintiff re-alleges and reincorporate all previous paragraphs as if fully set out herein.

33. At all times pertinent hereto, Defendant is a "person" as that term is defined by 15 U.S.C. § 168la (b) and a "furnisher of information" to the credit reporting agencies.

34. Defendant has a duty to provide accurate information to consumer reporting agencies and to correct inaccurate information after receiving notice of a credit dispute from a consumer. See 15 U.S.C. § 1681s-2 (a).

35. Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute

after receiving notice of the disputed item from Experian.

36. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an Investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information, which Defendant failed to do.

37. Upon information and belief, Defendant violated 15 U.S.C. § 1681s-2 (b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's dispute.

38. Defendant failed to remove the inaccurate information from the credit report and report those results to all other credit reporting agencies to which the furnisher provided Inaccurate and false information, as the "duplicate" accounts is still reporting on Plaintiff credit report, To date.

39. Upon information and belief, Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

40. Defendant violated § 1681s-2 (b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

41. Defendant violated § 1681s-2 (b) by willfully failing to review all relevant information concerning Plaintiff's account, as provided.

42. Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

43. Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to

report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

44. Alternatively, Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it received the FCRA dispute and still failed to conduct a Reasonable investigation and correct the duplicate accounts.

45. Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning false, inaccurate and incomplete information.

46. Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation.

47. Defendant violated § 1681s-2 (b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

48. Defendant violated § 1681s-2 (b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

49. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

50. Defendant is liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

51. Alternatively, Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

52. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, and punitive damages amount to be determined by the Court pursuant to § 1681n and § 1681o.

**JURY DEMAND**

53. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

A. Actual damages against Defendant pursuant to 15 U.S.C. § 1692k;
B. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k
C. Actual damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 1681o(a);
D. Statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);
E. Punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

Dated: December 20, 2023

Respectfully Submitted

Jacqueline Dunson

20437 Teppert Ave

Eastpointe, MI 48021

Email: Jackiedunson1@gmail.com

**EXHIBIT A**

portal.consumerfinance.gov

was accurate, complete, and reported in compliance with the FCRA and Metro 2 credit reporting standards. Because you have requested, we cease communicating with you directly, we will not send you debt validation documents unless you specifically ask us to do so. If you would like to request debt validation documents, please contact NCB at 833-225-5303. You may also send your request by email to info@ncbi.com or by mail to NCB Management Services, Inc., P.O. Box 1099, Langhorne, PA 19047. In sum, NCB did not violate the FDCPA. NCB has a permissible purpose to credit report your debt, the information we reported was accurate, and we met our obligation to investigate and respond to your disputes as required by law. We have updated our reporting to the CRAs to reflect the status of your dispute. At NCB, we strive to collaborate with consumers to help them achieve financial freedom. In keeping with this goal, we welcome the opportunity to work with you as there are many options available to assist in finding a resolution for this account. Should you have any further concerns, please contact NCB at 833-225-5303.

**Feedback requested**

**STATUS**
Feedback requested on 9/1/2023

**FEEDBACK DUE**
10/31/2023

Provide feedback about the company's response

**EXHIBIT B**





**EXHIBIT C**



**EXHIBIT D**



